IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MARRISHA L. C.,

          Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

          Defendant.

Case No. 19-CV-301-FHM

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 17, 2015, application for disability benefits was denied initially and on reconsideration. Hearings before Administrative Law Judge ("ALJ") David W. Engel were held on July 25, 2017 and November 6, 2017. By decision dated January 3, 2018, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 26, 2019. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 24 years old on the date of her application for SSI and 27 on the date of the ALJ's denial decision. She has a high school education and formerly worked as a stock selector, personal care aid, and cashier/checker. She claims to have been unable to work since November 2, 2013 as a result of back and heart problems and affective disorder.

## The ALJ's Decision

The ALJ found that back and heart problems were not medically determinable impairments and that Plaintiff retains the residual functional capacity (RFC) to perform sedentary, light, and medium work with no climbing of ropes, ladders, or scaffolds; no exposure to unprotected heights or dangerous moving machinery parts. She is able to understand, remember, and carry out simple instructions[2] in a work-related setting, interact

---

[2] The ALJ's decision states that Plaintiff is able to understand, remember, and carry out "simple in a work-related setting." [R. 33]. It is apparent from the hypothetical questioning of the vocational expert that the word "instructions" should be inserted in the sentence. [R. 96].

2

with supervisors and co-workers under routine supervision, and is unable to interact with the public, other than occasionally.  [R. 33-34].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to develop the case because he did not refer to an IQ test conducted in connection with an earlier application and denial of benefits; the ALJ failed to consider Listing of Impairments No 12.05B; the ALJ failed to follow the vocational expert's testimony; and the decision was rendered by an ALJ who was not properly appointed at the time the denial decision was rendered.

## Analysis

### Development of the Case

On November 1, 2013, an ALJ issued a decision denying benefits on Plaintiff's previous (May 23, 2012) application for benefits.  [R. 107-115].  That decision was not appealed.  The 2013 decision reflects that the record related to the 2012 application contained IQ testing with a full scale IQ score of 70.  [R. 112].  The ALJ reported that the evaluator believed Plaintiff's intellectual disorder was mild, the evaluator found nothing

consistent with a cognitive or learning disorder, and reported Plaintiff's high school grades showed a fair number of As and Bs. [R. 112-113].

At the first of two hearings in this case the ALJ took note of the earlier case and the existence of IQ testing and said that he would obtain that record for longitudinal history. [R. 58-59]. At the second hearing in this case, the ALJ called a medical expert to testify. The IQ testing from the 2012 case was not provided to the testifying expert and the records from that case are not included in the administrative record for the current application. Plaintiff argues that it was error for the ALJ to have failed to assimilate the earlier file into the current one.

The court rejects the ALJ's failure to assimilate the earlier file into this one or to consider the IQ testing as a basis for reversal. If the failure to consider the equivocal 2012 IQ testing can be considered error, the error was harmless. There is no reason to believe that consideration of the IQ testing would have lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013).

## Consideration of Listing 12.05B

The Listing of Impairments (Listings) describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App. 1. At step 3 of the evaluative sequence, the ALJ is required to compare the medical evidence to the Listing criteria and to discuss the evidence and the reasons for determining that Plaintiff is not disabled at step three. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). It is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Furthermore, all of the specified medical criteria must be matched to meet a Listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

Listing 12.05B addresses intellectual disorders and requires a full scale IQ score of 70 or below and significant deficits in adaptive functioning currently manifested by extreme limitation or marked limitation in two of the areas of mental functioning defined in the Listing. Listing 12.05B, Pt. 404, Subpt. P, App. 1. The ALJ evaluated and discussed those same areas of mental function in performing the Psychiatric Review Technique[3] (PRT) which is documented in the ALJ's decision. [R. 32-33]. The ALJ found that Plaintiff did not have marked or extreme limitations in any of the areas. *Id*.

Plaintiff argues that the ALJ erred by failing to consider Listing 12.05B in light of the IQ testing performed in the earlier case. However, irrespective of Plaintiff's IQ score, the PRT analysis contained in the ALJ's decision demonstrates that Plaintiff does not have the significant deficits in adaptive functioning required to meet Listing 12.05B. [R. 32-33]. The court finds no error in the ALJ's failure to consider 12.05B.

**RFC Determination**

---

[3] When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dept of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt and manage oneself. These criteria represent the areas of mental functioning a person uses in a work setting. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, §12.00 (C). The findings related to the "paragraph B" criteria are not RFC findings, but rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. *See Chrismon v. Colvin*, 531 Fed.Appx. 893, 897-898 (10th Cir. 2013)(discussing the difference between PRT findings and RFC findings).

There is no merit to Plaintiff's argument that the ALJ's RFC determination is not supported by substantial evidence.  The court finds that the ALJ accurately summarized the medical record and made findings supported by substantial evidence.  Plaintiff argues for a different conclusion by pointing out information within the medical record which might arguably support a conclusion different from the one reached by the ALJ.  However, to establish error, the Plaintiff must show that the evidence is so overwhelming that no reasonable ALJ would fail to make the finding Plaintiff asserts is proper.  Absent such a showing, the court is bound by the determination made by the ALJ as the finder of fact. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive [.]"  42 U.S.C. § 405(g).

Recently in *Biestek v. Berryhill*, —U.S. —, 139 S.Ct. 1148 (2019), the United States Supreme Court restated the limits of the court's authority to review the Commissioner's decisions under 42 U.S.C. § 406(g):

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding.  Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations.

*Biestek*, 139 S.Ct. at 1154 (further citation omitted).  The Court further stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Id*.  According to the Supreme Court, substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  (further citation and quotation omitted).

The court finds that the ALJ's RFC finding is supported by substantial evidence.

**Vocational Expert Testimony**

The ALJ asked the vocational expert a series of hypothetical questions. When additional limitations not contained in the RFC were posed, the vocational expert testified that there were no available jobs. [R. 96-100]. Plaintiff argues that the ALJ erred in not accepting the vocational expert testimony that there were no jobs available.

The court finds no error in the ALJ's treatment of the vocational expert testimony. Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). However, in posing a hypothetical question, the ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). Here, the ALJ did not accept as true the additional limitations contained in the alternative hypothetical questions and therefore the ALJ was not obligated to credit that aspect of the vocational expert's testimony.

**Appointments Clause**

Based on the holding in the recent Tenth Circuit case, *Carr v. Commissioner, SSA*, 961 F.3d 1267 (10th Cir. 2020)[4], the court rejects Plaintiff's argument that the case should be remanded based on the claim that the ALJ who rendered the decision was not appropriately appointed. In *Carr* the Tenth Circuit Court ruled that the requirement that administrative remedies be exhausted as a prerequisite to raising an issue in federal court applies to the Appointments Clause issue. *Id*. at 1273. In failing to raise the issue before

---

[4] The Plaintiff in *Carr* has filed a petition for certiorari with United States Supreme Court, No. 19-1442, July 1, 2020.

the Commissioner, the claimant in *Carr* was precluded from raising the issue in federal court, in addition the failure to exhaust was not excused.  *Id.* at 1274.

Where, as here, the Plaintiff did not raise the issue of the legality of the ALJ's appointment at the administrative level, the manner of the appointment of the ALJ cannot be the basis for reversal of the Commissioner's decision.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 8th day of September, 2020.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE